LINDABURY, McCORMICK, ESTABROOK & COOPER
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
JHS-1451
Attorneys for defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS JORDAN, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| COMMUNITY EDUCATION CENTERS, INC., | : | NOTICE OF REMOVAL |
| LUCILLE LESLIE, CHARLES GIORDANO, | : | |
| FREDERICK AUSTIN, MS. PALMER, KAREEM | : | |
| CURL, TOMMY ODOM, JOHN DOES, et al | : | |
| Defendants | : | |
| | : | |
| | : | |

TO:   CLERK
      United States District Court
      Martin Luther King, Jr. Federal Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

      JOHN P. NULTY, ESQ.
      Cammarata, Nulty & Garrigan
      549 Summit Avenue
      Jersey City, New Jersey 07306

      LAW OFFICES OF ERIC B. BAILEY, LLC.
      871 Mountain Avenue, Suite 201
      Springfield, New Jersey 07091

MADAM/ SIRS:

     PLEASE TAKE NOTICE that on this date, defendants,. by their

undersigned counsel, have filed this Notice of Removal pursuant to 28 U.S.C. Section 1446(a),

2400117v1

in the Office of the Clerk of the United States District Court for the District of New Jersey.

Defendants, by their undersigned attorneys, show:

1.    Plaintiff, Luis Jordan, brought an action against Defendants in the Superior Court of New Jersey, Law Division, Hudson County,  by filing a Complaint on or about October 4, 2011. Plaintiff's action is entitled Luis Jordan v. Community Education Centers, Inc., Lucille Leslie, Charles Giordano, Frederick Austin, Ms. Palmer, Kareem Curl, Tommy Odom, John Does etal and bears Docket No. HUD-L- 5140 – 11..  In accordance with 28 U.S.C. Section 1446 (a), attached hereto as Exhibit A is a true copy of that Complaint.

2.    Defendants. acquired knowledge of the filing of the Complaint when it was served upon several defendants on October 20, 2011.   Prior to said date, the Defendants had no notice of the legal action commenced by Plaintiff against it and had not received a copy of said Complaint by service or otherwise.

3.    There have been no other proceedings before the Superior Court of New Jersey, Law Division, Hudson County, or any other State Court, in this matter against the Defendants. .

4.    As alleged in the Complaint filed in this matter, plaintiff alleges that "the conduct of defendants, as set forth herein, has deprived plaintiff of rights and privileges secured by the *Constitutions of the United States* and the State of New Jersey."  (emphasis added)

5.    This action arises under federal law; it is one over which the United States District Court has jurisdiction as a result of the provisions of 29 U.S.C. Sec. 1132(a) , 29 U.S.C. Sec. 1144(a)  and 28 U.S.C. Sec. 1441(b).

6.    This Notice of Removal is filed with this Court within thirty (30) days of this Defendants' receipt "through service or otherwise, of a copy of an initial pleading, setting forth

2400117v1

the claim for relief upon which such action or proceeding is based", as provided by 28 U.S.C. Section 1446(b), in that a least one Defendant received a copy of the Amended Complaint on October 20, 2011.

7. Defendants, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, have also filed an original Notice of Filing of Notice of Removal (a copy of which is annexed hereto as Exhibit B), with the Clerk, Superior Court of New Jersey, Law Division, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. Section 1446(d).

8. Simultaneous with the filing of this Notice of Removal, a copy of the Notice of Filing of Notice of Removal is being served upon plaintiff's attorneys, John P.Nulty, Esq., at the law offices of Cammarata, Nulty & Garrigan, 549 Summit Avenue, Jersey City, New Jersey 07306 and upon the Law Offices of Eric B. Bailey, LLC, 871 Mountain Avenue, Suite 201, Springfield, New Jersey 07091

Lindabury, McCormick, Estabrook & Cooper
Attorneys for Defendants

John H. Schmidt, Jr.

Dated: October 27, 2011

2400117v1

# EXHIBIT A

CAMMARATA, NULTY & GARRIGAN, L.L.C.
549 Summit Avenue
Jersey City, New Jersey  07306
(201) 656-2222

and

LAW OFFICES OF ERIC B. BAILEY, LLC
871 Mountain Avenue, Suite 201
Springfield, New Jersey  07081
(973) 467-1222

Attorneys for Plaintiff

<table>
<tr><td>Plaintiff,<br><br>LUIS JORDAN<br><br>vs.<br><br>Defendants,<br><br>COMMUNITY EDUCATION CENTERS, INC.; LUCILLE LESLIE, individually and in her professional capacity as Acting Director of Logan Hall; CHARLES GIORDANO, individually and in his professional capacity as Director of Human Resources; FREDERICK AUSTIN; MS. PALMER; KAREEM CURL; TOMMY ODOM; JOHN DOES 1-20 (said individuals being fictitious); JANE DOES 1-20 (said individuals being fictitious); and ABC CORPORATIONS 1-20 (said entities being fictitious).</td><td>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>Docket No. <u>L-5740-11</u><br><br>Civil Action<br><br><br><br><u>COMPLAINT AND DEMAND</u><br><u>FOR TRIAL BY JURY</u></td></tr>
</table>

The Plaintiff Luis Jordan, by way of complaint against the defendants, says:

RECEIVED
CUSTOMER SERVICE TEAM

OCT 0 6 2011

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #7

## PARTIES

1.   At all times relevant hereto, plaintiff Luis Jordan ("Jordan") was of Latino and/or Hispanic origin/descent and a resident of the State of New Jersey residing at 197 Nunda Avenue, Jersey City, Hudson County.

2.   At all times relevant hereto, defendant Community Education Centers, Inc. ("CEC") has been a corporation organized under the laws of the State of Delaware which provides reentry treatment and education services for adult correctional populations throughout eighteen (18) states, including the State of New Jersey. CEC's corporate headquarters are located at 35 Fairfield Place, West Caldwell, Essex County, New Jersey.

3.   At all times relevant hereto, defendant Lucille Leslie ("Leslie") has been employed by CEC as Acting Director of Logan Hall, a "residential reentry" facility operated by CEC and located at 20 Toler Place, Newark, Essex County, New Jersey ("Logan Hall").

4.   At all times relevant hereto, defendant Charles Giordano has been employed by CEC as Director of Human Resources.

5.   At all times relevant hereto, defendant Frederick Austin has been employed by CEC as a Supervisor and/or Acting Chief of Operations of Logan Hall.

6.   At all times relevant hereto, defendant Ms. Palmer has been employed by CEC as an Operational Counselor at Logan Hall.

7.   At all times relevant hereto, defendant Kareem Curl has been employed by CEC as Supervisor of Operations at Logan Hall.

8.   At all times relevant hereto, defendant Tommy Odom has been employed by CEC as Chief of Operations at Logan Hall.

9.   Defendants, John Does 1-20, Jane Does 1-20, and ABC Corps. 1-20 (fictitiously named parties whose identities are unknown at the present time but which may be learned through further discovery) are additional individuals and/or entities who may be responsible for plaintiff's damages.

## FACTS RELEVANT TO ALL COUNTS

10.   In or around June 2005, plaintiff was hired by CEC as an Operational Counselor at the pay rate of $11.07 per hour.

11.   In or around late 2007, plaintiff resigned from CEC, giving more than fifteen (15) days notice and was terminated from his employment five (5) days into his notice period.

12.   In or around September 2009, plaintiff stopped by Logan Hall to see two CEC employees who were his friends. While there, Leslie asked to see plaintiff, and she offered him a chance to return to the employ of CEC as an Operational Counselor earning $11.07 per hour, which plaintiff accepted.

3

13. At some point thereafter, plaintiff executed a Certification at the request of Daniel Sexton, Esq., attorney for Enrique Gonzalez, a former CEC employee, who threatened to sue and/or was suing CEC and others for, among other things, discrimination based on national origin and/or religion.

14. Shortly thereafter, plaintiff experienced difficulties at work.

15. Throughout his employment at CEC, plaintiff, who was homosexual and never attempted to hide his sexual preference, was prohibited solely on the basis of his homosexuality from performing tasks for which he appropriately trained and which were otherwise required of his position.

16. Throughout his employment at CEC, plaintiff was assigned to demeaning or otherwise inappropriate duties solely on the basis of his homosexuality.

17. Throughout his employment at CEC, plaintiff often was subjected to derogatory comments based on his being a member of one or more protected classes.

18. Despite numerous complaints regarding these issues to his supervisors and other authorities within CEC, CEC and its management took no steps to remedy, alleviate, mitigate, eliminate, or otherwise improve the conditions that allowed these issues to exist.

19. While an employee of CEC, plaintiff applied for an open position within CEC that paid more than his current position.

20. Despite having qualifications that exceeded all other applicants, plaintiff was denied said position.

21. Upon information and belief, plaintiff was denied said position solely on the basis of his sexual orientation, national origin, and/or religion.

22. On or around August 24, 2010, plaintiff warned defendant Tommy Odom, plaintiff's direct supervisor at the time, and Ms. Lisojo, the resident's New Jersey State parole officer, that one or more of the residents of CEC had conspired to set plaintiff up to be disciplined and planned to file a false complaint against him.

23. Shortly thereafter, plaintiff's superiors received a complaint with false allegations in it from one or more of the residents of CEC.

24. Despite plaintiff's warning of this imminent slander, plaintiff's superiors did not conduct a proper investigation to determine the veracity of the complaint, and plaintiff wrongly was disciplined for the false allegations in the resident's complaint.

25. After an investigation revealed the falsity of the allegations, the investigating party apologized to plaintiff for

the wrongful actions taken against plaintiff, but the damage had already been done, and no remediation of such damage was attempted by CEC or its employees.

26. On October 5, 2010, plaintiff was terminated from his employment at CEC, purportedly for removing confidential information from CEC.

27. Following plaintiff's termination from CEC, CEC wrongfully attempted to block plaintiff from receiving unemployment benefits to which he was entitled.

28. On information and belief, CEC's attempt to block plaintiff from receiving the unemployment benefits to which he was entitled was retaliatory as a result of his execution of the aforementioned certification and/or discriminatory on the basis of his sexual orientation, national origin, and/or religion.

<u>COUNT ONE</u>
Law Against Discrimination - Hostile Work Environment
N.J.S.A. 10:5-1, et seq.

29. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 28 as though set forth herein at length.

30. At all relevant times, plaintiff's job performance was satisfactory or more than satisfactory.

31. From the beginning of his employment, as set forth herein, plaintiff has been the target of harassment and/or

6

discrimination by defendants and/or other employees of defendant CEC based upon perceived sexual orientation, national origin and/or religion.

32. The harassment directed at plaintiff created a hostile and/or abusive environment which was severe and pervasive so as to effect the terms and conditions of the plaintiff's employment and/or the physical and mental health of the plaintiff.

33. Defendant CEC failed to properly train its employees and supervisors in the proper manner in which to address the harassment suffered by plaintiff.

34. Defendant CEC failed to implement prompt and effective remedial measures reasonably calculated to end the harassment suffered by plaintiff.

35. Defendants Leslie, Austin, and Giordano aided and abetted the harassment of the plaintiff, contributed to the hostile working environment to which plaintiff was subjected, and/or failed to take action to stop same and, thus, are personally liable to plaintiff pursuant to N.J.S.A. 10:5-12(b).

36. As a result of the harassment and hostile work environment to which plaintiff was subjected, plaintiff has suffered, and will continue to suffer, from extreme emotional distress and/or pain and suffering.

COUNT TWO
Law Against Discrimination - Retaliation
N.J.S.A. 10:5-1, et seq.

37. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 36 as though set forth herein at length.

38. From the beginning of his employment, as set forth herein, plaintiff has been the target of harassment and/or discrimination by defendants and/or other employees of defendant CEC based upon sexual orientation, national origin, religion, and/or his complaints against the discriminatory practices at defendant CEC.

39. Plaintiff objected to, refused to participate in, disclosed and/or threatened to disclose the harassment to defendants and/or his supervisors.

40. Additionally, plaintiff objected to, refused to participate in, disclosed and/or threatened to disclose the harassment of another individual employed by CEC who was harassed because of his national origin.

41. As a result of plaintiff's objections, refusal to participate in and/or disclosures of harassment, plaintiff was terminated from his employment by defendants.

42. Defendants' explanations and/or rationalizations for plaintiff's termination were pretextual.

8

43. As a result of plaintiff's unlawful termination, plaintiff has suffered, and will continue to suffer, from extreme emotional distress and/or pain and suffering.

44. As a result of plaintiff's unlawful termination, plaintiff has lost income, benefits, and/or other emoluments of employment.

### COUNT THREE
### Conscientious Employee Protection Act
### N.J.S.A. 34:19-1, et seq.

45. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 45 as though set forth herein at length.

46. From the beginning of his employment, as set forth herein, plaintiff has been the target of harassment and/or discrimination by defendants and/or other employees of defendant CEC based upon sexual orientation, national origin, religion, and/or his complaints against the discriminatory practices at defendant CEC.

47. Plaintiff objected to, refused to participate in, disclosed and/or threatened to disclose the harassment to defendants and/or his supervisors.

48. Additionally, plaintiff objected to, refused to participate in, disclosed and/or threatened to disclose the wrongful treatment of another individual employed by CEC.

49. As a result of plaintiff's objections, refusal to participate in and/or disclosures of said wrongful treatment, plaintiff was terminated from his employment by defendants.

50. Defendants' explanations and/or rationalizations for plaintiff's termination were pretextual.

51. As a result of plaintiff's unlawful termination, plaintiff has suffered, and will continue to suffer, from extreme emotional distress and/or pain and suffering.

52. As a result of plaintiff's unlawful termination, plaintiff has lost income, benefits, and/or other emoluments of employment.

### COUNT FOUR
Law Against Discrimination – Disparate Treatment
N.J.S.A. 10:5-1, et seq.

53. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 52 as though set forth herein at length.

54. Defendant CEC has various policies, both express and implicit, which discriminate against and/or result in discrimination against various protected classes of individuals, including without limitation homosexuals, people of Latino and/or Hispanic descent, and/or non-Muslims.

55. Defendant CEC's discriminatory policies and procedures negatively impacts employment conditions for various protected

10

classes of individuals, including without limitation homosexuals, people of Latino and/or Hispanic descent, and/or non-Muslims.

56. Defendant CEC's discriminatory policies and procedures result in various protected classes of individuals, including without limitation homosexuals and people of Latino and/or Hispanic descent, being prevented or restricted from accomplishing their duties in such a way as is likely to have a negative impact on job performance reviews and advancement opportunities.

57. As a result of Defendant CEC's discriminatory policies and procedures, plaintiff has lost income, benefits, and/or other emoluments of employment.

<u>COUNT FIVE</u>
Law Against Discrimination - Post-Discharge
Discrimination and/or Retaliation
N.J.S.A. 10:5-1, et seq.

58. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 57 above as though set forth herein at length.

59. Following plaintiff's termination from CEC, CEC wrongfully opposed plaintiff's application for unemployment benefits.

60. CEC's wrongful opposition of plaintiff's application for unemployment benefits to which he was entitled was retaliatory as a result of his execution of a certification

11

attesting to CEC's discrimination against another CEC employee and/or discriminatory on the basis of plaintiff's sexual orientation, national origin, and/or religion.

61. As a result of defendants' unlawful retaliatory acts, plaintiff has suffered physical, emotional and economic damages.

<u>COUNT SIX</u>
N.J. Civil Rights Act
N.J.S.A. 10:6-1, et seq.

62. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 61 as though set forth herein at length.

63. The conduct of defendants, as set forth herein, has deprived plaintiff of rights and privileges secured by the Constitutions of the United States and the State of New Jersey.

64. Specifically, plaintiff has been deprived of his right to freedom of speech and equal protection of the laws as well as rights secured by the Law Against Discrimination, among others.

65. The actions and comments of defendants which deprived plaintiff of his constitutional and statutory rights did cause plaintiff to suffer physical, emotional and economic damages.

WHEREFORE, cause having been shown, Plaintiff Luis Jordan demands judgment against the Defendants jointly and severally as follows:

12

(A) Compensatory damages, including but not limited to, damages for economic losses, pain and suffering, and emotional distress;

(B) Damages for harm to reputation;

(C) Punitive Damages;

(E) Attorney's fees, interest and costs of suit;

(F) All such other relief as the Court may deem necessary, equitable and just.

DATED: October 3, 2011

CAMMARATA, NULTY & GARRIGAN, L.L.C.
Attorneys for Plaintiffs

BY: _____
JOHN P. NULTY, JR., ESQ.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable as of right by jury herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, John P. Nulty, Jr., Esq., is hereby designed as trial counsel in this matter.

### CERTIFICATION PURSUANT TO R.4:5-1

I certify that the matter in controversy in the within action is not the subject of any other action or arbitration proceeding, pending or contemplated, in any court, and that there are no additional parties who should be joined in this action. R.

13

4:5-1.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED: October 3, 2011

<div style="margin-left:40%">

CAMMARATA, NULTY & GARRIGAN, L.L.C.
Attorneys for Plaintiffs

BY: _____
JOHN P. NULTY, JR., ESQ.

</div>

14

# EXHIBIT  B

2400117v1

LINDABURY, McCORMICK, ESTABROOK & COOPER
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
Attorneys for Defendants

|  |  |  |
|---|---|---|
| LUIS JORDAN | : | SUPERIOR COURT OF NEW JERSEY |
|       Plaintiff | : | LAW DIVISION: HUDSON COUNTY |
|  | : | DOCKET NO. HUD-L-5140-11 |
|  | : |  |
| vs. | : | NOTICE OF FILING |
|  | : | OF NOTICE OF REMOVAL |
| COMMUNITY EDUCATION CENTERS, | : |  |
| INC., LUCILLE LESLIE, CHARLES | : |  |
| GIORDANO, FREDERICK AUSTIN, | : |  |
| MS.PALMER, KAREEM CURL, TOMMY | : |  |
| ODOM, JOHN DOES, et al | : |  |
|       Defendants | : |  |
|  | : |  |

TO:   CLERK
      Superior Court of New Jersey
      Hudson County Court House
      583 Newark Avenue
      Jersey City, New Jersey 07306

      JOHN P. NULTY, ESQ.
      CAMMARATA, NULTY & GARRIGAN, LLC.
      549 Summit Avenue
      Jersey City, New Jersey 07306

      LAW OFFICES OF ERIC B. BAILEY, LLC
      871 Mountain Avenue, Suite 201
      Springfield, New Jersey 07081

MADAM/ SIRS:

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Section 1441 et seq., the

above action has been removed to the United States District Court for the District of New Jersey.

2400116v1

A copy of the Notice of Removal sent for filing with the Clerk of the United States District Court on October 27, 2011 is attached hereto as Exhibit A.

Lindabury, McCormick, Estabrook & Cooper
Attorneys for Defendants

John H. Schmidt, Jr.

Dated: October 27, 2011

2400116v1